ORAVIA M. BONFIELD, RESPONDENT, v. J. EDWARD
BLACKMORE, APPELLANT.

Argued December 1, 1916—Decided March 5, 1917.

1. The liability of an inviter is circumscribed by the invitation, and
   does not extend to persons invited whose injuries are received
   while using the premises without the limits of the invitation.
2. A mere passive acquiescence by the owner of a building, or his
   representative, in a certain use of his property, imposes no obli-
   gation upon him to keep it in a safe condition for the benefit of
   the user.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine.*

For the respondent, *Wilbur A. Heisley.*

The opinion of the court was delivered by

.KALISCH, J. The appellant appeals from a judgment on a
verdict rendered against him in favor of the respondent, in
the Essex Circuit, for injuries sustained by the latter, as a re-
sult from falling down an elevator shaft in the appellant's
store. The facts are briefly these:

The appellant at the time of the accident was the owner of
a six-story building with basement at No. 60 Academy street,
in the city of Newark.

The entrance to the building was through a small tiled ves-
tibule from which a stairway led to the upper floors. To the
right, at the threshold of this vestibule, was a door leading
into the appellant's photo and art supply store, and to the
left was a show case, displaying photographs, of a tenant
named Bergman, who occupied and used the fifth floor, as a
photo finishing studio.

About midway of the appellant's store, in the side wall, was
a door which opened directly upon a freight elevator shaft.
The door opened and shut on a slide. When opened it would

permit entrance upon the elevator, if there, and if the elevator was not there, then upon a dark open shaftway. This elevator was used, by appellant as well as by Bergman, who was the only other tenant, to carry merchandise, employes and sometimes visitors or customers to the various floors of the building. The use to which Bergman put the elevator was known to appellant who made no objection. The appellant provided no one to run the elevator, and when he had need of it, one of his employes would operate it. The respondent, who had never been in the building before, while on his way there and near the entrance thereto, was accosted by Bergman's employe, a boy fourteen years of age, who was just coming out of the building and was asked who the respondent wanted to see, and when told that it was the photographer, the boy replied: "Follow me, and I will take you up on the elevator." The respondent followed the boy into the appellant's store and to the place where the freight elevator was located. The boy opened the sliding door, stepped aside to let the respondent enter, and no elevator being there at the time, the respondent stepped into open space and fell to the basement.

At the close of the plaintiff's case, in the court below, counsel for appellant unsuccessfully moved for a nonsuit, and at the close of the entire case unsuccessfully moved for a direction of a verdict for the defendant below, upon grounds which present the broad question here, whether the facts, as established, afforded any legal basis for a recovery by the plaintiff below. Counsel for respondent urges that the judgment under review can be properly sustained upon the theory that the appellant being a storekeeper necessarily was an inviter to the public to enter his premises, and, therefore, under a legal duty of guarding the elevator and opening in a reasonable manner to protect persons who enter as prospective customers, regardless whether they in fact became purchasers or not. The facts show that the respondent did not enter the appellant's store for the purpose of becoming a purchaser, but for the purpose of visiting a tenant on the fifth floor. But even if it were assumed that the respondent entered the appellant's store for the purchase of articles in the line of the appellant's business,

the legal duty of the inviter to use reasonable care to protect the invitee from dangers existing on the premises and unknown to the invitee was no broader than the implied invitation—that is, to the use of the store space.

It is well settled that the liability of an inviter is circumscribed by the invitation and does not extend to persons invited whose injuries are received while using the premises not within the limits of the invitation. *Ryerson* v. *Bathgate,* 67 *N. J. L.* 337. Evidently, to meet this legal situation, it is further urged by counsel for respondent that since there was proof that the appellant had knowledge that the elevator was being used by the tenant Bergman in carrying visitors and customers to the studio and made no objection, that that was tantamount to an acquiescence by the respondent in the use of the elevator by the tenant for that purpose, and hence, persons who came through the appellant's store to take the elevator to go to Bergman's studio were impliedly invited to do so by the appellant.

But this court, in *Saunders* v. *Smith Realty Co.,* 84 *N. J. L.* 276, held that a mere passive acquiescence by the owner of a building, or his representative in a certain use of his property, imposes no obligation upon him to keep it in a safe condition for the benefit of the user.

The lease, from the appellant to Bergman, which was offered in evidence, contains no clause authorizing Bergman to use the elevator.

It cannot, properly, be said in the present case that the appellant did not use reasonable care in keeping his store to which the public was generally invited in a reasonably safe condition.

When the respondent with Bergman's servant entered the appellant's store the door leading to the elevator was shut. It was the act of Bergman's servant in opening the door when the elevator was not there that created a danger, and it was at the invitation of Bergman's servant that the respondent stepped into the vacant space which resulted in his injury.

Manifestly, these circumstances in themselves preclude any liability for the accident attaching to the appellant.

The judgment will be reversed.

*For affirmance*—BLACK, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   13.